MURRAY, J.,
dissenting.
LI respectfully dissent from the majority’s affirmation because I find there exists a genuine issue of material fact that precludes summary judgment. The reasons for judgment issued by the trial court do not reflect that the court appreciated the difference between a Commercial General Liability (“CGL”) policy, which is involved in the instant case, and an Owner’s Land *538 lord and Tenant (“OLT”) policy. In general, a CGL policy affords protection to a business owner from liability arising out of his activity in operating the business; whereas an OLT policy affords protection to a property owner from liability arising from the condition or use of the property. See American Guarantee and Liability Insurance Company v. The 1906 Company, 129 F.3d 802, 808 (5th Cir.1997).
In the instant case, the determination of whether the facts presented herein fall within the ambit of coverage limited by the “designated premises” and “designated operations” endorsements of the policy is not entirely a legal issue, but rather a mixed question of law and fact, requiring that factual inferences be drawn from the evidence. Under Louisiana law, despite the legislative mandate that summary judgments are now favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion. Independent Fire Insurance Co. v. Sunbeam Corp., 99-2181, 99-2257, pp. 16-17 (La. 2/29/00), 755 So.2d 226, 236. In addition, it is well established that any ambiguity in an insurance policy should be construed to afford coverage rather than to deny it. See: La. C.C. art.2056; Peterson v. Schimek, 98-1712 (La.3/2/99), 729 So.2d 1024, 1029; Reynolds v. Select Properties, Ltd., 93-1480 (La.4/11/94), 634 So.2d 1180, 1183. Accordingly, the Louisiana Supreme Court has held that summary judgments declaring a lack of coverage under an insurance policy should not be rendered unless there is no reasonable interpretation of the policy, when applied to the undisputed material facts shown by the evidence supporting the motion, under which coverage could be afforded. Reynolds v. Select Properties, Ltd., supra, 634 So.2d at 1183 (citing Westerfield v. LaFleur, 493 So.2d 600, 605 (La.1986)). Considering the evidence, I do not believe Colony met its burden of proof on the motion for summary judgment.
In the instant case, Mr. Sylvester testified that he purchased the Touro property to protect his interest in Sweet Lorraine’s, the jazz lounge he operated next door, and that at the time the fire occurred, he had applied for city permits to use the Touro property in connection with the operation of the lounge but had not yet received any permits. Plaintiff alleges his injury occurred because Mr. Sylvester neglected the Touro property in the interim. In light of this testimony, I find there is a genuine issue of fact remaining as to whether the fire arose “out of the operations of the business” of the jazz lounge within the terms of the policy endorsement. I would therefore reverse the trial court’s granting of summary judgment on this basis.
Accordingly, I respectfully dissent.